José Víctor Figueroa, Plaintiff. and Appellant, *v.*
Ramón Rodríguez, Defendant and Appellee.

No. 9559. Argued December 3, 1947.—Decided February 26, 1948.

R. B. *Pérez Mercado* for appellant. V. *Géigel Polanco* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Does the complaint filed in this case state facts sufficient to constitute a cause of action? That is the essential question involved in the present appeal.

In the complaint filed in the District Court of San Juan, the plaintiff, José Víctor Figueroa, alleged that he is the owner of a lot located in Santurce, and that he attached to the complaint "a certificate of the local Office of Price Administration authorizing the institution of this action"; that on November 1, 1935, he leased said lot to the defendant by a private contract for a monthly rental of $5.50 and that, relying on the above-mentioned contract, the defendant erected on the said lot a wooden house and two small concrete houses used for commercial purposes, the latter having been constructed in violation of paragraph 10 of the contract of lease which expressly so prohibits; that the defendant owed to the plaintiff the sum of $71.50; that, pursuant to the provisions of § 297 of the Civil Code, plaintiff had chosen to exercise the right of accession in respect to the described building or buildings, binding himself to pay compensation therefor in the amount which might be finally fixed by a definitive (*firme*) judgment; and that pending the rendition of said judgment, the plaintiff had deposited in court the sum of $1,280, which he estimated as the compensation that he was

bound to pay to the defendant. Prayer was made for a judgment: (1) declaring that the plaintiff has a right by accession to the described building or buildings; (2) fixing the amount to be paid to the plaintiff; (3) adjudging the defendant to pay to the plaintiff the lease rentals of the described lot until he surrendered possession thereof, and providing that the amount of those rentals be deducted from the total compensation that he must pay to the defendant and also decreeing the rescission of the lease; (4) adjudging the defendant to execute a deed of sale, by accession, in favor of the plaintiff, of the described buildings, and providing that if the defendant failed to execute such deed within 10 days, the marshal of the court would do so; (5) *"adjudging the defendant to surrender the possession, and to vacate, quit, and leave said building(s), together with all their accessions and appurtenances at the disposal of the plaintiff, providing that if this is not done within a reasonable term fixed by this Honorable Court, counted from the date of the conveyance of the properties, an order of eviction will be issued against the defendant or any other person, who in his stead might occupy the described property"*; (6) "ordering the payment to the plaintiff of the amount fixed as compensation, as soon as the sale of the described building(s) might be consummated through the delivery of the possession to the plaintiff; and, finally," (7) imposing on the defendant the payment of costs, expenses, and disbursements. (Italics ours.)

The defendant thereupon filed a motion to dismiss the complaint, on the ground that the same "does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant." He rested said motion essentially on the contentions that the relationship existing between the plaintiff and the defendant was that of lessor and lessee; that, therefore, said relationship was covered by the provisions of Act No. 464 of 1946 (Laws of 1946, p. 1326), known as the "Reasonable Rents Act", and that, since said

Act had decreed the temporary suspension of all actions of unlawful detainer, unless it be for the causes, conditions, and terms fixed by that statute, the action to enforce the right of accession was also suspended, it being a mere subterfuge of the plaintiff to evade the purposes of said Act; and that the certificate issued by the Rent Director of the Office of Price Administration lacked any validity or legal effectiveness, inasmuch as it was not based on any of the causes provided by § 6 of the Regulations promulgated pursuant to the Emergency Price Control Act of 1942.

Although it has not been incorporated to the judgment roll sent up to this Court, the parties, as well as the lower court, admit that the defendant filed an affidavit of merits setting forth that he had deposited in the Municipal Court of San Juan the total amount of the rentals due on the lease of the lot, upon which the house and the other structures involved in this action were built.

Moreover, the record shows that the parties, by a stipulation subscribed by them, submitted defendant's motion for dismissal upon its own merits.

In an elaborate opinion the lower court stated its view that the complaint was insufficient and that, since the same was not amendable, a judgment should be, and was, rendered dismissing the complaint in all its parts. The plaintiff thereupon appealed to this Court and, in support of his appeal he urges that the lower court erred in declaring that the plaintiff is not entitled to enforce the right of accession by an action instituted pursuant to a certificate of the Administrator of the Office of Price Administration; in holding that an action of this kind is not applicable to the persons who build on lots leased for the construction of permanent structures for residential or business purposes; in upholding the classification of the buildings, so as to split the contract of lease into two parts, subjecting it in part to the Federal Rents Act and Regulations, and in part to the local Reasonable

Rents Act; and, assuming that the preceding error is nonexistent, in holding that the plaintiff is not entitled to institute a resolutory action against the defendant on a breach of the contract of lease and for the protection of his contractual rights.

 In this jurisdiction it has been established that the relationship between the owner of a vacant lot and the person to whom he conveys it, authorizing him to construct permanent buildings thereon, through the payment by said person of a certain periodical rental, is the relationship of lessor and lessee. *Palermo* v. *District Court,* 58 P.R.R. 191. Also, that as between them, an action of unlawful detainer does not lie. *Aybar* v. *Jiménez,* 60 P.R.R. 729; and *González* v. *Marvel,* 56 P.R.R. 444. Further, that the lessee in such a case is not, strictly speaking, the ordinary builder in good faith, but that by virtue of the contract entered into with the owner of the lot, he becomes a "builder by authority or by virtue of a contract." *Berrocal* v. *Registrar,* 54 P.R.R. 501, 505. However, in our judgment, both when a person builds in good faith without a permit from the owner, the builder acting on the belief that he is the owner of the land built upon, and when he builds with the express consent of the landlord, the right of accession clearly arises in favor of the owner of the land, pursuant to the provisions of § 297 of the Civil Code, 1930 ed.[1] Naturally, when the construction is effected in good faith without the consent of the real owner of the lot, said owner can resort to an action of revendication at any time, whereas when the building is carried out by express agreement, or pursuant to a contract between the parties, the owner of the lot can not institute an action

---

[1] Section 297 of the Civil Code, 1930 ed., provides:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the work, sowing or planting, by previously paying the indemnity specified in sections 382 and 383 of this Code, and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."

to enforce his right of accession unless it be in conformity with what has been agreed or stipulated.[2] In either case, however, there should be deposited in connection with the complaint a reasonable sum to compensate the owner of the building for the cost of the materials and labor involved, the acquisition of the title by accession not being consummated until the plaintiff complies with his obligations to pay to the builder such compensation as may be fixed by a definitive (*firme*) judgment. *Villamil* v. *Camacho,* 64 P.R.R. 782, 783; *People* v. *Carrasquillo,* 58 P.R.R. 178, 181; *Rivera* v. *Santiago,* 56 P.R.R. 361; and *Carrasquillo* v. *Maldonado, Int.,* 56 P.R.R. 375.

██ Two purposes are sought by the complaint herein: (1) that the defendant be adjudged to convey to the plaintiff the title of ownership of the house and other structures built by him, and (2) as a consequence thereof, that he be ordered to vacate the structures built by him on plaintiff's lot. As we have seen, the complaint alleges that the defendant built, with the consent of the plaintiff, a frame house and that he constructed, without such consent, in the lot covered by the contract, two small concrete houses which he uses for commercial purposes. By building the frame house with the consent of the owner, the defendant logically has placed himself in a position which, as we have already indicated, is somewhat similar to that of a builder in good faith. However, in building the two concrete structures the defendant, as alleged in the complaint, violated the terms of the contract entered into by parties. Nevertheless, in respect to all these constructions, at the expiration of the lease contract, an action to enforce the right of accession lies in accordance with the express provision of § 297 *et seq.* of the Civil Code, 1930 ed.

Now, does the fact that the Regulations, issued pursuant

---

[2] In the instant case, a contract of lease from month to month is involved, according to which at the end of any month the parties may terminate the contract.

to the Federal Rent Act of 1942, and Act No. 464 of 1946,[3] *supra,* prescribe that their provisions shall be applicable not only to the buildings covered by them but also to the land or lot on which the latter are located, preclude a holding that a complaint, like the one herein, having a dual purpose, states a cause of action? We think not. It is true that there is a possibility that, under the aforesaid Act and Regulations, the eviction of the defendant from the properties mentioned in the complaint might not be proper. But since an action to enforce the right of accession lies, and since it is debatable whether or not the defendant can properly be evicted, especially when it is alleged by the plaintiff that there has been a breach of contract of lease by reason of the unauthorized building by the lessee of two small houses on the lot, the lower court should not have dismissed the complaint in its entirety. It should have denied the motion for dismissal, heard the parties on their respective contentions, and, if the evidence so warranted, decided that the plaintiff was entitled to the acquisition by accession of the buildings erected on his lot. As to the eviction of the defendant, after taking into consideration the evidence introduced and the Rents Act and Regulations in force, it should have decided whether or not such an eviction was proper.

Under those circumstances, the judgment appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

---

[3] Rent Regulation for Housing, revised up to July 1, 1945, Office of Price Administration, § 13, paragraph 6; Act No. 464 of April 25, 1946 (Laws of 1946, p. 1326), § 4(*a*) and (*c*). See also Housing and Rent Act of 1947, § 202(*b*).